UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1998A15733 |
| vs. | § § | |
| Tina M. Jones | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 6410 Whitewood, Detroit, Michigan 48210.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,647.67 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,513.74 |
| C. Administrative Fee, Costs, Penalties | $44.44 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$4,205.85** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION

CERTIFICATE OF INDEBTEDNESS
SAN FRANCISCO, CALIFORNIA

|  |  |
|---|---|
| Name: | Tina M. Jones |
| AKA: | Tina Marie Jones |
| Address: | 6410 White Wood |
|  | Detroit, MI 48210 |
| SSN: |  |

Total debt due United States as of:   10/17/97   $2,300.15

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,647.67 from 10/17/97 at the annual rate of 8%. Interest accrues on the principal amount of this debt at the rate of $0.36 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 11/7/88 the debtor executed promissory note(s) to secure loan(s) from The Boatmen's National Bank Of St Louis - St Louis, MO under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 1/14/90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $147.73, thereby increasing the principal balance due to $1,647.67.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $1,647.67 |
| Interest: | $608.04 |
| Administrative/Collection Costs: | $44.44 |
| Penalites: | $0.00 |

CERTIFICATION:   Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_10/23/97_
(Date)

_[signature]_
Loan Analyst

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

R EDUCATION ASSISTANCE FOUNDATION
OX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

024?00 17900

**SECTION A – TO BE COMPLETED BY BORROWER** (PRINT IN INK-PRESS FIRMLY OR TYPE)

1. NAME (NO NICKNAMES): JONES, FIRST: TINA, M.I.: M
2. SOCIAL SECURITY #: [illegible]
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS: 3786 W. GRAND
   CITY: Detroit   STATE: MI   ZIP: 48238
5. PERMANENT HOME PHONE: (313) 933-1272
6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: MICHIGAN
8a. DRIVER LICENSE NUMBER:
8b. STATE IN WHICH ISSUED:
9. ADDRESS WHILE IN SCHOOL: SAME AS ABOVE
10. PHONE AT SCHOOL ADDRESS: (313) 933-1272
11. MAJOR COURSE OF STUDY: 16
12. LOAN AMOUNT REQUESTED: $1900.00
13. LOAN PERIOD: FROM MO 11 YR 88 TO MO 05 YR 89

**PRIOR LOAN INFORMATION**
14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 22a)
21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

**REFERENCES**
22a. PARENT/GUARDIAN NAME: Athaliah Jones, STREET: 3786 Grand, Det, MI 48238
22b. NAME: Kenneth Jones, STREET: 8588 Schaefer 48227, Det, MI
22c. NAME: Zriline Brown, STREET: 2650 Moran, Det, MI 48207

23a. SIGNATURE OF BORROWER: X Tina Marie Jones
23b. DATE BORROWER SIGNED: MO 11 DAY 7 YR 88

**SECTION B – TO BE COMPLETED BY SCHOOL**
24. NAME OF SCHOOL: Cambridge Business School
25. ADDRESS: 1529 Broadway Detroit MI 48226
26. PHONE: (313) 961-5105
27. SCHOOL CODE: 020689
29. PERIOD LOAN WILL COVER: FROM MO 11 DAY 09 YR 88 TO MO 05 DAY 05 YR 89
31. STUDENT'S GRADE LEVEL: ☒ 1 UNDERGRAD
32. ANTICIPATED GRADUATION DATE: 05 05 89
33. STUDENT STATUS: ☒ DEPENDENT
34. ADJUSTED GROSS INCOME (AGI): $0
35. COST OF ATTENDANCE FOR LOAN PERIOD: $5832
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2200
37. EXPECTED FAMILY CONTRIBUTION (EFC): $700
38. DIFFERENCE: $2932
39. SUGGESTED DISBURSEMENT DATES:
    1ST DISB.: MO 11 DAY 11 YR 88
    2ND DISB.: MO 02 DAY 15 YR 89
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ YES
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
43a. SIGNATURE OF SCHOOL OFFICIAL: X Sandra Wells
43b. DATE: 12 05 88
43c. PRINT NAME AND TITLE: SANDRA WELLS, FAO

**SECTION C – TO BE COMPLETED BY LENDER**
44. NAME OF LENDER: THE BOATMEN'S NATIONAL BANK OF ST. LOUIS
45. ADDRESS: 4301 HAMPTON AVE. ST. LOUIS, MO 63109
46. LENDER CODE: 818334
55a. SIGNATURE OF LENDING OFFICIAL: X ELECTRONICALLY SUBMITTED
     PRINT NAME AND TITLE: T. O'DONNELL

JONES, TINA, M
CLAIM NO 199304042645? 10-13-93
SSN    TL 1

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover a period of enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted proportionately from each disbursement for applications signed on or after July 1, 1987. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

3. The Origination Fee will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. Origination fees may be refunded, pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or if the check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is locate

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment in this Note.

3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with the Rules and Regulations of HEAF governing GSLP.

4) I will repay this loan over a repayment period that generally lasts at least 5 years but more than 10 years. However, the following exceptions to these rules apply:

a. If, during the grace period, I request a shorter repayment period, the lender may grant a shorter period.

b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest), whichever is less.

c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants me "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

5) If, during the grace period, I request a shorter repayment period, the lender may grant a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.

6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval. However, the lender must inform me of these terms in writing at the latest address that I provided to the lender.

7) The particular terms and conditions of repayment that apply to this loan will be set in a separate document that the lender will provide to me before the repayment period begins.

8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act and federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:

a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;

b. making any false representation for the purpose of obtaining this loan;

c. using the loan proceeds for other than educational purposes;

d. failing to enroll in the school that completed the application for the time identified as my loan period;

e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:

a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;

b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;

c. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;

d. I will be ineligible for the benefits described under Repayment and Deferment in this Note.

e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date;

f. The lender may require that I will then be required to pay HEAF all amounts owed.

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment within a reasonable time after it is due, or if I fail to provide written evidence that verifies my eligibility to have my payments deferred under Deferment.

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_(signature)_  _10/1/__
NAME                      DATE

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:

   a) no defense of any party is good against the undersigned; and

   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:

   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and

   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE X _Mikey Freeman_
TITLE _Claims Analyst_
DATE 8-24-90

F0025 10-87